Terry MILLER, Appellant,

v.

STATE of Alaska, Appellee.

No. 7793.

Court of Appeals of Alaska.

Sept. 13, 1985.

Rehearing Granted in Part and Opinion Amended Oct. 30, 1985.

Walter Share, Anchorage, for appellant.

Jeffrey W. Cole, Asst. Atty. Gen., Anchorage, and Norman C. Gorsuch, Atty. Gen., Juneau, for appellee.

## OPINION

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

SINGLETON, Judge.

Terry Miller was convicted of fraud, AS 11.46.600, and of promoting a gambling enterprise. AS 11.66.210. He was jointly indicted with his father-in-law, Danny Arreola, but separately tried. Miller appeals his conviction raising numerous alleged errors, one of which we find dispositive—Miller's contention that he was not tried within one hundred and twenty days of his arrest in violation of Alaska Rule of Criminal Procedure 45. We therefore reverse Miller's conviction and direct dismissal of the charges against him. This disposition of the case obviates the need to discuss Miller's other claims of error.

Miller challenges the trial court's exclusion from consideration under Criminal Rule 45 of all but thirteen days between Miller's arrest on May 10, 1982 and his trial beginning on February 10, 1983. We agree with Miller that two periods of time were improperly excluded. Specifically, the twenty-four days from June 8, 1982 to July 2, 1982 for discovery sought by Miller and the 102-day continuance from November 1, 1982 to February 10, 1983 obtained by the state to insure Arreola's presence at trial should have been included in speedy trial calculations made under Criminal Rule 45.

### A. Criminal Rule 16
### Discovery (24 days)

Discovery in this case was controlled by a form order issued by the trial court on June 3, 1982. The order provided in part:

(8) Within ten days after entry of this order, the prosecuting attorney and defense counsel shall comply with the provisions of Criminal Rule 16, Alaska Rule of Criminal Procedure. During the period from date of this order until trial, counsel for all parties shall also comply with AS 12.45.085, if applicable, and any procedures or duties that may have been imposed upon counsel in criminal cases by decisions of the Alaska Court of Appeals and/or Alaska Supreme Court.

On June 8, 1982, Miller served a request for discovery on the state.[1] The state filed an opposition to the requested discovery, mainly on the grounds that Miller appar-

1. Defendant's request provided in full:
   INTERROGATORY AND REQUEST FOR PRODUCTION PROPOUNDED TO PLAINTIFF
   COMES NOW TERRY MILLER, by and through his attorney of record, the law firm of Clower & Byers, and pursuant to Rule 16 of the Alaska Rules of Criminal Procedure, hereby requests answers to interrogatories and production of documents as below set forth that may be within the possession or control of the Prosecuting Attorney for the State of Alaska:
   1. Please give the full names and resident addresses of all persons known by the State to have knowledge of the relevent [sic] facts in this matter and such persons' written or recorded statements and/or summaries of statements, if any.
   2. Any written or recorded statements and summaries of statements and the substance of any oral statements made by the accused, any witnesses, or any co-defendent [sic] that may implicate or incriminate the above-captioned defendant in this matter.
   3. Any written, video-taped or recorded reports or statements of experts made in connection with the particular case, including

[sic] results of physical or medical examinations or of scientific tests, experiments, comparisons or theories; or if any such reports or statements of experts were orally made, state the substance of such report or statement.
   4. Any books, papers, documents, photographs and tangible objects, including transcribable copies of any and all tape recordings and/or wire taps (whether procured by use of search warrant issued by the court or without search warrants), that pertain to the relevent [sic] facts in this case or which were obtained from, belonged to, or removed from the alleged custody of the accused, whether the Prosecuting Attorney intends to use any such items in any hearing or the trial in this case. Included in this request for production are copies of all documents confiscated by police officials on or about May 10, 1982 in this matter.
   5. Any records of prior criminal convictions of the defendant and of any persons who the Prosecuting Attorney intends to call as witnesses at any hearing or the trial in this matter.
   6. Copies of any and all police reports and/or investigative statements made by the investigating police authorities in this matter.

ently had attempted to apply civil discovery procedures to a criminal case and that the state had by then provided much of the material requested pursuant to Criminal Rule 16.[2]

Miller did not seek to compel further discovery and the state did not seek a protective order from the court. The court took no action regarding Miller's discovery request. The state did submit an order to the court for denial of defendant's request for interrogatory and request for production.

Alaska Rule of Criminal Procedure 45 requires, *inter alia,* that a defendant be tried within 120 days of his arrest. In computing the date before which a trial was mandated under Criminal Rule 45, the trial court in this case excluded the twenty-four days from June 8, 1982 to July 2, 1982. The trial court relied on Criminal Rule 45(d), which provides that the following periods shall be excluded in computing the time for trial:

(1) The period of delay resulting from other proceedings concerning the defendant, including but not limited to motions to dismiss or suppress, examinations and hearings on competency, the period during which the defendant is incompetent to stand trial, interlocutory appeals, and

---

7. Any material information within the possession or control of the Prosecuting Attorney which tends to negate the guilt of the accused as to the offense or which tends to reduce his punishment thereof if convicted.

2. The state's opposition to Miller's interrogatory and request for production read in full:
The State of Alaska hereby enters its opposition to the defendant's requested interrogatories. There are no rules of criminal procedure that permit the defendant [sic] propound interrogatories to the prosecution. The state has complied or is in the process of complying with the usual requirements of Alaska Rule of Criminal Procedure 16. Much of the material that has been requested in the form of interrogatories has been provided in the normal discovery process. Counsel for Defendant Miller appears to have confused civil procedure with applicable criminal practice. The state resists the request insofar as it seeks an indication from the prosecution as to what material it intends to present during the actual trial of the case as not being within the scope of Alaska Rule of Criminal Procedure 16 and is otherwise excludable under Alaska Rule of Criminal Procedure 16(b)(8). There

trial of other charges. No pre-trial motions shall be held under advisement for more than thirty days and any time longer than thirty days shall not be considered as an excluded period.

Implicit in the trial court's exclusion of the time was the determination that Miller's Interrogatory and Request for Production Propounded to Plaintiff was a motion for discovery, upon which court action was expected, and that exclusions under Criminal Rule 45(d) applied to delays resulting from consideration of discovery motions.[3]

On appeal, Miller argues that the trial court erred in excluding the period from June 8 to July 2, 1982 because Miller's Interrogatory and Request for Production Propounded to Plaintiff was a request for routine discovery and not a discovery motion on which court action was expected. Miller points out that the request was directed to the prosecution and was not accompanied by a written order for the court to sign. Miller notes that the court was never asked to rule on the matter, and never did. Finally, he contends that the evidence requested was that which the state was under an obligation to provide in accordance with Criminal Rule 16.

---

being no provision under the Alaska Rules of Criminal Procedure for interrogatories propounded to the prosecution, the request for interrogatories should be denied.

3. The issue of whether delays occasioned by discovery motions are within Criminal Rule 45(d) is not directly addressed by either the Rule or Alaska case law. The A.B.A. standard from which the rule is derived generally excluded time necessary for hearings on any pretrial motions A.B.A. Standards Speedy Trial 2.3(a)), while the Alaska Rule and the cases addressing it speak only to suppression motions and competency hearings. *See State v. Clouatre,* 516 P.2d 1189 (Alaska 1973) (the period during which defendant's motion to suppress was pending excludable under Criminal Rule 45(d)(1), regardless of whether the motion caused postponement of the trial date); *State v. Strelewicz,* 538 P.2d 1009 (Alaska 1975) (state's motion to reconsider ruling on defendant's motion to suppress considered to be part of defendant's motion to suppress and therefore, constituted excludable time under Criminal Rule 45(d)(1)).

The state contends that Miller's discovery request was a pretrial motion because it sought disclosure of information not required under Criminal Rule 16. Specifically, the state interprets the request as demanding an indication as to what discoverable material the prosecuting attorney intended to use in the case. Apparently the state bases its contention on Interrogatory and Request for Production Number 4, which demands:

Any books, papers, documents, photographs and tangible objects including transcribable copies of any and all tape recordings and/or wire taps (whether procured by use of search warrant [sic] issued by the court or without search warrants), that pertain to the relevant [sic] facts in this case or which were obtained from, belonged to, or removed from the alleged custody of the accused, *whether the Prosecuting Attorney intends to use any such items in any hearing or the trial in this case....*

Emphasis added. The state seems to believe that, in addition to demanding production of the listed documents, Miller wanted to know whether the prosecuting attorney

intended to use any of the items in any hearing or trial in this case.

■ We disagree with the state's characterization of Miller's discovery request. On the whole, the language of Miller's Interrogatory and Request for Production Propounded to Plaintiff is taken directly from Criminal Rule 16(b)(1)–(4).[4] The fact that Miller's discovery request was for evidence which the state was under obligation to provide in accordance with Criminal Rule 16, that Miller did not request action of the court, and that the court never took any action, leads us to conclude that there was no discovery motion pending between June 8 and July 2, 1982. Since there was no pretrial motion pending, Criminal Rule 45(d)(1) does not apply. Therefore, we hold that the trial court erred in excluding the twenty-four days from June 8 to July 2, 1982 from speedy trial computations. It is therefore not necessary for us to decide whether the rule applies to discovery motions which do require court action.

### B. State Requested Continuance For Joint Trial (102 days)

In June 1982, the trial court permitted Arreola, who was jointly indicted with Mil-

---

**4.** Criminal Rule 16(b)(1)–(4) provides:

(b) Disclosure to the Accused.

(1) Information Within Possession or Control of Prosecuting Attorney. Except as is otherwise provided as to matters not subject to disclosure and protective orders, the prosecuting attorney shall disclose the following information within his possession or control to defense counsel and make available for inspection and copying:

(i) The names and addresses of persons known by the government to have knowledge of relevant facts and their written or recorded statements or summaries of statements;

(ii) Any written or recorded statements and summaries of statements and the substance of any oral statements made by the accused;

(iii) Any written or recorded statements and summaries of statements and the substance of any oral statements made by a co-defendant;

(iv) Any reports or statements of experts, made in connection with the particular case, including results of physical or mental examinations and of scientific tests, experiments or comparisons;

(v) Any books, papers, documents, photographs or tangible objects, which the prosecuting attorney intends to use in the hearing or trial which were obtained from or belong to the accused; and

(vi) Any record of prior criminal convictions of the defendant and of persons whom

the prosecuting attorney intends to call as witnesses at the hearing or trial.

(2) Information Provided by Informant—Electronic Surveillance. The prosecuting attorneys shall inform defense counsel:

(i) of any relevant material or information relating to the guilt or innocence of the defendant which has been provided by an informant, and

(ii) of any electronic surveillance, including wiretapping, of

(aa) conversations to which the accused or his attorney was a party,

(bb) the premises of the accused or his attorney.

(3) Information Tending to Negate Guilt or Reduce Punishment. The prosecuting attorney shall disclose to defense counsel any material or information within his possession or control which tends to negate the guilt of the accused as to the offense or would tend to reduce his punishment therefor.

(4) Information Within Possession or Control of Other Members of Prosecuting Attorney's Staff. The prosecuting attorney's obligations extend to material and information in the possession or control of

(i) members of his staff, and

(ii) any others who have participated in the investigation or evaluation of the case and who either regularly report or with reference to the particular case have reported to his office.

ler and whom the state sought to try with Miller, to go to California for medical reasons. On September 23, 1982—one week before the scheduled omnibus hearing—when Arreola had not returned to Alaska, the state requested a bench warrant for his arrest. On November 1, 1982, Miller and the state appeared at an omnibus hearing. The trial was scheduled to follow immediately thereafter. Arreola was still not in Alaska. The state requested and obtained a continuance in order to extradite Arreola and permit a joint trial. Miller objected to any continuance, in partial reliance on Criminal Rule 45. Miller also renewed a motion for severance that had previously been denied. The trial court granted the continuance over Miller's objection. The trial court continued the matter for three months to enable the state to extradite Arreola. Trial was scheduled for February 7, 1983.

In excluding the 102 days from November 1, 1982 until February 10, 1983 from its computation of time, the trial court relied on Criminal Rule 45(d)(5). The Rule provides that the following period shall be excluded in computing the time for trial:

> (5) A reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and there is good cause for not granting a severance. In all other cases, the defendant shall be granted a severance in order that he may be tried within the time limits applicable to him.

Criminal Rule 45 is taken virtually verbatim from American Bar Association Project on Standards for Criminal Justice, Standards Relating To Speedy Trial (Approved Draft 1968). Standard 2.3(g) reads:

> The following periods should be excluded in computing the time for trial:
> ... (g) A reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the trial has not run and there is good cause for not granting a severance. In all other cases the defendant should be granted a severance so that he may be tried within the time limits applicable to him.

The commentary to the standard is particularly helpful in resolving this case:

> This standard emphasizes that the right to a speedy trial is a personal right which is not lost merely by the defendant being joined for trial with other defendants as to whom the running of the time limitations has been interrupted. Thus, if defendant A and defendant B are joined for trial, A's right to speedy trial should not ordinarily be impaired by the fact that B has requested or consented to a continuance, is not available for trial, etc. However, the standard would permit the trial judge, in his discretion, to extend the time for A's trial with B for a reasonable period of time for good cause. In such a case the question for the judge is whether the need to try A and B together is sufficiently great to justify some modest extension of the time limits applicable to A.

*Id.*, commentary at 31.

We believe the commentary establishes two principles. First, a continuance granted to one codefendant does not automatically extend the time for trying his codefendant, at least where, as here, the codefendant objects to the continuance. Second, the trial court must, as a condition precedent to excluding any time against the codefendant, specifically consider the question of a severance. The trial court may not simply reconsider whether the original order denying severance was correct. In order to grant a continuance and deny a severance in conformity with Criminal Rule 45(d)(5), the court must make two new determinations: (1) it must conclude that the continuance requested will only constitute a modest extension of the time limits applicable to the defendant seeking a severance, and (2) it must further conclude that the codefendant's presence is important or necessary to the prosecution's case. *See Mullins v. State*, 608 P.2d 764, 767 (Alaska 1980) (trial court may not, consistent with Alaska R.Crim.P. 45, grant prosecution continuance to obtain absent witness unless witness's testimony is important or necessary to the prosecution's case). In the instant case, the trial court did not exercise its discretion by independently reconsidering the severance issue in connection with Rule 45 at the time it granted the state a continuance to obtain Arreola's presence. While the trial court did make *pro forma* findings of fact exhibiting compliance with Alaska R.Crim.P. 45(d)(5), a review of the record makes it clear that the trial court simply reaffirmed it earlier order denying Miller a severance and did not determine whether Arreola's testimony was necessary to the state's prosecution of Miller or specifically determine that the continuance re-

quested would only constitute a modest extension of the time limits applicable to Miller. The trial court therefore erred in treating in 102 days in question as excluded time under Criminal Rule 45.

### C. CONCLUSION

■ When we add the 102 days improperly excluded because of Arreola's absence, and the 24 days improperly excluded because of Miller's discovery request, we find an unexcluded period of 126 days. That sum exceeds the maximum of 120 days between arrest and trial allowed by Criminal Rule 45. Miller's conviction therefore must be reversed and the charges against him dismissed.

The judgment of the superior court is REVERSED.