**STATE of Alaska, Petitioner,**

**v.**

**Joseph ANDREW, Jr., Respondent.**

**No. S–862.**

Supreme Court of Alaska.

May 9, 1986.

Cynthia M. Hora, Asst. Atty. Gen., Anchorage, and Harold M. Brown, Atty. Gen., Juneau, for petitioner.

Susan Orlansky, Barbara Brink, Asst. Public Defenders, and Dana Fabe, Public Defender, Anchorage, for respondent.

Before RABINOWITZ, C.J., and BURKE, MATTHEWS, COMPTON and MOORE, JJ.

## OPINION

BURKE, Justice.

We affirm and adopt the majority opinion of the court of appeals in *State v. Andrew*, 694 P.2d 168 (Alaska App.1985), with three modifications. First, we express no opinion on the use of an express pretrial order requiring Criminal Rule 45 objections by a certain date. *See Andrew*, 694 P.2d at 171. This issue was not before either the court of appeals or this court.

Second, we wish to clarify that defense counsel's mere failure to calculate the 120 day period will not bar a waiver.

Where a defendant's attorney knows at the trial setting of all the circumstances that make the trial date violate Rule 45, but merely fails to calculate the relevant 120 day period, the court may imply a knowing waiver.

Third, we wish to clarify *whose* knowledge is relevant to determining the waiver. The court of appeals remanded to the trial court to determine whether Andrew's counsel, Blair McCune, actually knew at the trial setting conference that the chosen date violated Rule 45. 694 P.2d at 171. The State now argues that on remand it should be able to examine other attorneys from the firm with which McCune is associated. The State wishes to impute their knowledge of Andrew's circumstances to McCune.

Imputed knowledge, however, is constructive knowledge, not actual knowledge. Rule 45 waivers only aim to discourage silence at trial setting by individual defense lawyers then present in court who actually know that the chosen date violates the Rule. Thus, we will not impute the knowledge of attorneys not present at trial setting to the attorney who accepts the date.[1]

Nevertheless, the knowledge of other attorneys in the firm may be relevant for other purposes, such as establishing the trial setting attorney's credibility. Thus, on remand the state may elicit such testimony to the extent that it is relevant and not barred by other considerations, such as undue delay or privilege.

The opinion of the majority of the court of appeals is AFFIRMED and ADOPTED as MODIFIED above.

---

**1.** Any manipulation of this rule by deliberately sending an attorney unfamiliar with a case to a trial setting conference will subject those responsible to professional discipline.