**Jerry D. BUFFINGTON, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. A–1695.**

Court of Appeals of Alaska.

Nov. 6, 1987.

Mikel R. Miller, Anchorage, for appellant.

Nancy R. Simel, Asst. Atty. Gen., Office of Special Prosecutions and Appeals, Anchorage, and Grace Berg Schaible, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

OPINION

BRYNER, Chief Judge.

Jerry D. Buffington was convicted by a jury of two counts of assault in the third degree. Buffington appeals, contending that his indictment is invalid because the state failed to present exculpatory evidence to the grand jury. He also claims that he was denied his right to a speedy trial under Alaska Rule of Criminal Procedure 45. We affirm in part and remand in part.

Buffington raises his grand jury argument for the first time on appeal. Because the argument does not relate to the sufficiency of the indictment on its face and does not call into question the superior court's jurisdiction to hear the case, Buffington's failure to make a timely pretrial motion challenging the indictment constitutes a forfeiture of the issue. *See* Alaska R.Crim.P. 12(b), (e); *Abruska v. State,* 705 P.2d 1261, 1277 (Alaska App.1985); *Cassell v. State,* 645 P.2d 219, 220–21 (Alaska App. 1982); *Gaona v. State,* 630 P.2d 534, 537 (Alaska App.1981). Having reviewed the trial record and the record of proceedings before the grand jury, we find no plain error. *See, e.g., Clifton v. State,* 728 P.2d 649, 651 (Alaska App.1986) (duty to present exculpatory evidence did not require prosecution to present a witness' statement that conflicted with the defendant's own account of events).

Buffington's speedy trial claim presents a more difficult issue. It is undisputed that the 120–day rule began running on or about September 8, 1985, when Buffington was served with an information and a summons commanding his appearance on October 8 for arraignment in the district court. On October 3, Buffington's counsel first entered a written appearance in the case. Proceedings in the district court were thereafter postponed several times, and Buffington's counsel agreed to suspend the 120–day rule for a twelve-day period.

On November 4, 1985, a grand jury indictment was returned against Buffington. Buffington appeared with counsel for arraignment before Acting Superior Court Judge Michael N. White on November 7, 1985. At that hearing, Judge White attempted to set the case for trial on December 30, 1985. The prosecutor, however, requested another date:

> Your Honor, I have a conflict with the trial date. The state does—Rule 45 began on 10/8 would expire on 2/17 of '86. There are twelve days waived. Two essential witnesses will be out of the state on 12/30. One of the victims, Leroy Stigen, will be out of state from 12/17

through January 7th. Officer Robinson will be out of the state all of January. Thus, the state is requesting a trial date before December 17 or after January 31.

Buffington's counsel expressed no preference with respect to the proposed trial dates and did not correct the prosecutor's representations concerning the commencement date for the 120–day rule. Later that day, Judge White issued a written order setting the case for trial on February 10, 1986.

On the date set for trial, Buffington's counsel moved for dismissal of the case, alleging a violation of the 120–day rule. Superior Court Judge S.J. Buckalew summarily denied the motion.

On appeal, the parties agree that more than 120 days of unexcluded time expired between the date Buffington's summons was served and the date his trial commenced. The issue presented is whether Buffington waived his right to a speedy trial under Criminal Rule 45 by failing to object, at the November 7 hearing, to a trial date beyond the 120–day period.

In our view, resolution of this issue is governed by *Andrew v. State,* 694 P.2d 168 (Alaska App.1985), *aff'd and modified in State v. Andrew,* 718 P.2d 471 (Alaska 1986). The *Andrew* decisions establish that the issue of waiver is a factual one, turning on the actual knowledge of defense counsel. If, at the November 7 hearing before Judge White, Buffington's counsel was aware that his client was served with a summons on or about September 8, then his failure to correct the prosecutor's statement concerning the commencement date for the 120–day rule, and his failure to object to a trial date in February would amount to a waiver of Buffington's rights under Rule 45. If, on the other hand, Buffington's counsel did not know the approximate date the summons was served and was not otherwise aware of the commencement date for the 120–day rule, then no waiver could properly be inferred. Mere negligence in failing to ascertain the date would be insufficient to amount to a waiver. *See Andrew v. State,* 694 P.2d at 171. However, if defense counsel was actually aware of all pertinent information

concerning the commencement of the speedy trial period, mere failure to calculate the 120–day deadline would not excuse the failure to object. *See State v. Andrew,* 718 P.2d at 471.

In the present case, Buffington's counsel first entered his appearance only several days before the October 8 initial appearance date. The trial court did not attempt to determine whether defense counsel was actually aware of the commencement date of the 120–day speedy trial period. On the current record, it is impossible to make this determination. The issue is a factual one, which must be decided by the trial court in the first instance. Consequently, a remand will be necessary.

On remand, the superior court should conduct such additional proceedings—including an evidentiary hearing at which defense counsel may be called upon to testify—as may be necessary to resolve the issue of defense counsel's actual knowledge on November 7. Upon resolution of this factual issue, the superior court should reconsider its original ruling in light of this decision and in light of the decisions in *Andrew v. State* and *State v. Andrew.*

This case is REMANDED for further proceedings consistent herewith.