Matthew J. DRAKE, Appellant,

v.

STATE of Alaska, Appellee.

No. A–5120.

Court of Appeals of Alaska.

July 28, 1995.

Heather O'Brien and Blair McCune, Asst. Public Defenders, and John B. Salemi, Public Defender, Anchorage, for appellant.

Kenneth M. Rosenstein, Asst. Atty. Gen., Office of Special Prosecutions and Appeals, Anchorage, and Bruce M. Botelho, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and MANNHEIMER, JJ.

*OPINION*

MANNHEIMER, Judge.

Matthew J. Drake was indicted on three counts of misconduct involving a controlled substance; two counts of misconduct involving a controlled substance in the third degree, AS 11.71.030(a)(1), and one count of misconduct involving a controlled substance in the fourth degree, AS 11.71.040(a)(2). He asked the superior court to dismiss these charges under Alaska's speedy trial rule, Criminal Rule 45. When the superior court denied Drake's motion to dismiss, Drake entered pleas of no contest to one count of third-degree misconduct and one count of fourth-degree misconduct, reserving his right to appeal the superior court's denial of his

motion to dismiss. *See Cooksey v. State,* 524 P.2d 1251, 1255–57 (Alaska 1974). We uphold the superior court's ruling and thus affirm Drake's convictions.

Drake was arrested on October 28, 1992. Under the 1992 version of Criminal Rule 45(c), Drake was entitled to be brought to trial by the 120th day following his arrest, not counting the periods of time excluded under Rule 45(d).

On November 13, 1992, Drake filed a pleading that he styled, "Motion to Compel Discovery of Rule 16 Materials". In this motion, Drake asked the superior court to order the State to disclose "[t]he full name and all aliases of N–517"—the police designation for the confidential informant who had purchased cocaine and marijuana from Drake. Drake also sought production of "[t]he current address, phone number, and employer of N–517", as well as "[a]ny materials relating to [any] contacts between any law enforcement officer [or agency] and N–517" and "[a]ll accounting records for all salaries, ... rewards, and other benefits given or to be given to N–517".

Five days later, on November 18, 1992, Drake was arraigned in superior court in front of Superior Court Judge Charles K. Cranston. Judge Cranston was informed that Drake had been arrested on October 28th; the judge then declared that the time for bringing Drake to trial under Rule 45 would expire on February 25, 1993. Drake's attorney accepted the judge's calculation (which was correct). The defense attorney then called Judge Cranston's attention to the pending discovery motion:

DEFENSE ATTORNEY: Your Honor, there's just two other quick matters, if I could.... First of all, Your Honor, we filed a motion to compel [discovery] ... while this matter was still pending in the district court. Your Honor, what we'd just ask the court to do [now] is to treat that motion as moot. The [prosecutor] and I will be ... working through that [discovery request]. If there are parts of that discovery that we're going to need to have a battle over, Your Honor, we'll refile that motion. I don't think there's any reason for the court to spend further time ...

THE COURT: So, this order that's loose in the file, [to compel] discovery, I should just mark as moot?

DEFENSE ATTORNEY: Yes, Your Honor. The order compelling discovery.

THE COURT: Okay.

On January 14, 1993, the parties appeared in court for the omnibus hearing. At that time, Drake's attorney told the court that pre-trial discovery was complete, and he affirmed that Drake's case should remain set for trial on the February calendar.

The parties next appeared in court on February 25th for trial call. The following colloquy occurred:

THE COURT: What's the situation in this case[?]

PROSECUTOR: Your Honor, at this point there are—there's not been a [negotiated] disposition[.] [T]he State's ready for trial if [the defense attorney] is ready for trial.

DEFENSE ATTORNEY: Yeah, ... at this point [we are] ready for trial—asked to have the matter set on. I'm sure [the prosecutor] and I will be talking. We've both been extremely busy[.] If it can be resolved [without trial], it sure will be.

THE COURT: Would a status hearing tomorrow ... be of any assistance[?]

DEFENSE ATTORNEY: Not from our perspective, Your Honor. If it—we'll be notifying the court if it is resolved.

THE COURT: Okay. What I'm going to do, then, I'll set [this case] for trial to begin Tuesday morning, April 2nd.

PROSECUTOR: [Do you mean] March 2nd?

. . . .

THE COURT: Is that the 2nd of March? [Yes,] Tuesday, March 2nd.

PROSECUTOR: Your Honor, there may be other cases ... that have more pressing Rule 45 [problems]. Could ... the order for trial be determined at the end of the court's hearing?

. . . .

THE COURT: Okay.... What I'll do is set it for trial the week of March 1st

[with] its trailing status vis-a-vis other cases ... yet to be determined.

DEFENSE ATTORNEY: Yes, Your Honor.

However, the parties returned to court the very next day (February 26th). At that time, Drake's attorney informed Judge Cranston that he believed Rule 45 had expired the day before. The defense attorney reminded the court that Drake had been arrested on October 28, 1992. The defense attorney then argued that none of the intervening time was excludable under Rule 45(d), that Rule 45 had run the previous day (February 25th), and that therefore the charges against Drake would have to be dismissed. Judge Cranston ultimately denied Drake's motion to dismiss, and Drake entered his *Cooksey* plea.

Because Drake was arrested on October 28, 1992, February 25, 1993 was the 120th day for Rule 45 purposes—the last day for bringing Drake to trial unless some event or combination of events interrupted the ticking of the Rule 45 clock. In this case, there are two events that tolled Rule 45: Drake's motion to compel discovery, and his attorney's acceptance of a March 1st trial date at the trial call hearing held on February 25th.

█ Rule 45(d)(1) declares, in general, that the period of time needed to litigate pre-trial motions is excluded from the Rule 45 calculation.[1] As described above, Drake filed a pre-trial motion to compel the State to disclose information and records relating to its informant. This motion, filed on November 13, 1992, was pending for 5 days—until Drake orally withdrew it at his arraignment on November 18th. If these 5 days are excluded from the Rule 45 computation, then February 25, 1993 was only the 115th day. Because the Rule 45 clock definitely stopped running one day later (February 26th) when Drake orally moved to dismiss the charges, *see Spencer v. State*, 611 P.2d 1, 4–5 n. 6 (Alaska 1980), it follows that Drake was brought to trial within the time limit of Rule 45.

Drake argues that this reasoning is flawed because his "Motion to Compel Discovery" was not the kind of motion contemplated by Rule 45(d)(1). He points out that in *Miller v. State*, 706 P.2d 336 (Alaska App.1985), this court held that the tolling provisions of Rule 45(d) did not apply to a defense request for pre-trial discovery under Criminal Rule 16(b). However, the facts of *Miller* are readily distinguishable from the facts of Drake's case.

In *Miller*, the State argued that the Rule 45 clock had been tolled when the defendant served a request for discovery on the prosecutor's office. The State asserted (1) that the defendant's discovery request transcended the bounds of disclosure required by Criminal Rule 16(b), (2) that court action was required to resolve the discovery request, and (3) that the discovery request therefore tolled Rule 45. This court rejected the State's argument, stating:

> We disagree with the state's characterization of Miller's discovery request. On the whole, the language of Miller's ["]Interrogatory and Request for Production["] ... is taken directly from Criminal Rule 16(b)(1)–(4). The fact that Miller's discovery request was for evidence which the state was under obligation to provide in accordance with Criminal Rule 16, that Miller did not request action of the court, and that the court never took any action, leads us to conclude that there was no discovery motion pending[.] Therefore, we hold that the trial court erred in excluding the twenty-four days from ... [the] speedy trial computation[.]

*Miller*, 706 P.2d at 339 (footnote omitted). The court then added that it was "therefore not necessary ... to decide whether [Crimi-

---

1. Criminal Rule 45(d) reads, in pertinent part:
   **Excluded Periods.** The following periods shall be excluded in computing the time for trial:
   (1) The period of delay resulting from other proceedings concerning the defendant, including but not limited to motions to dismiss or suppress, examinations and hearings on com-
   petency, the period during which the defendant is incompetent to stand trial, interlocutory appeals, and trial of other charges. No pre-trial motion shall be held under advisement for more than 30 days and any time longer than 30 days shall not be considered as an excluded period.

nal Rule 45(d)(1) ] applies to discovery motions which do require court action." *Id.*

Unlike Miller, who served a discovery "request" on the State, Drake filed a discovery "motion" with the court. This was not an idle difference in phrasing. In his motion, Drake explicitly declared that the State had failed to provide him with the requested information and materials, and he explicitly called upon the court to issue an order compelling the State to disclose the information and materials. That is, Drake's motion asked the court to affirmatively intervene in the pre-trial discovery process: his motion ended with the assertion that "a [court] order compelling production is appropriate and necessary".

■ We therefore reach the issue left open in *Miller.* We hold that, under Criminal Rule 45(d)(1), the running of Rule 45 is tolled by the filing of a discovery motion that requires court action.

The State never filed a response to Drake's motion; Drake withdrew the motion before the response time had run. We note, however, that the information and documents listed in Drake's motion are not explicitly covered by the provisions of Criminal Rule 16(b). We further note that much of the information Drake sought is potentially protected from disclosure by Alaska Evidence Rule 509(a), the evidence rule that grants the government a limited privilege "to refuse to disclose the identity of a person who has furnished information relating to or assisting in an investigation of a possible violation of law".

By its terms, Drake's motion asked the court to intervene in the pre-trial discovery process and compel the State to disclose information that it apparently had already declined or failed to disclose. A motion that calls for court intervention in the discovery process is not substantially different from other types of motions included among the "other proceedings concerning the defendant" referred to in Rule 45(d)(1). Moreover, given the content of Drake's discovery request, the court could properly assume that, absent a stipulated resolution, litigation would be required to resolve the discovery issues raised in Drake's motion. For these reasons, we uphold the superior court's decision that Rule 45 was tolled for the 5 days during which Drake's discovery motion was pending.

■ Additionally, Drake's case presents an alternative reason for upholding the superior court's decision. At Drake's arraignment, the superior court explicitly declared February 25, 1993 to be the 120th day for Rule 45 purposes. Yet at the trial call held on February 25th, Drake's attorney (who had represented Drake throughout the proceedings) told the court that he was still pursuing a negotiated settlement with the State, and he assented to having Drake's case called again for trial on March 1st.

If an attorney assents to a trial date knowing that the proposed date will violate Rule 45, the attorney thereby waives the potential Rule 45 objection to holding the trial on that date. *Andrew v. State,* 694 P.2d 168, 171 (Alaska App.1985), *aff'd as modified,* 718 P.2d 471 (Alaska 1986); *DeMille v. State,* 581 P.2d 675, 677 (Alaska 1978); *Buffington v. State,* 745 P.2d 78, 79–80 (Alaska App.1987). Drake's attorney waived any claim that Rule 45 expired on February 25th when he assented to the superior court's suggestion that a renewed trial call be held on March 1st.

Drake argues that his attorney's action should not be deemed a waiver because the record does not show that the State would have been ready to go to trial on February 25th if Drake had insisted on that date. Drake's argument overlooks the prosecutor's statement at the February 25th hearing: "Your Honor, at this point ... there's not been a [negotiated] disposition[.] [T]he State's ready for trial if [the defense attorney] is ready for trial."

More importantly, it does not matter if the State was ready to take Drake to trial on February 25th or not: the superior court was entitled to rely on the defense attorney's agreement to the later trial date. A contrary rule—one that would allow an attorney to agree to postponement of the trial date, then return to court the next day and allege a violation of Rule 45—"would give rise to an unacceptable potential for manipulation of the rule in a manner that thwarts the ends of

justice". *State v. Jeske,* 823 P.2d 6, 10 (Alaska App.1991).

The judgement of the superior court is AFFIRMED.